Andrew L. O'Connor, Esq. 043662000
**NAGEL RICE, LLP**
103 Eisenhower Parkway
Roseland, New Jersey 07068
973-618-0400
aoconnor@nagelrice.com

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MELISSA SCHWARTZMAN,<br><br>　　　　　Plaintiffs,<br><br>　　　-vs-<br><br>UNITED AIRLINES, INC., UNITED CONTINENTAL HOLDINGS, INC., JOHN DOES (1-20), ABC CORPS (1-20)<br><br>　　　　　Defendants. | Case No.<br><br>**COMPLAINT AND JURY DEMAND** |

The plaintiff, MELISSA SCHWARTZMAN, residing at 930 Dunham Avenue, Westfield, New Jersey 07090, by way of Complaint against the defendants UNITED AIRLINES, INC., UNITED CONTINENTAL HOLDINGS, INC., JOHN DOES (1-20) and ABC CORPS. (1-20) states the following:

## PARTIES AND JURISDICTION

1.　At all times herein, plaintiff, Melissa Schwartzman, had her principal and permanent residence in New Jersey.

2.　At all times herein, defendant United Airlines Inc., was a carrier of passengers by air, with its principal office located at 233 South Wacker Drive, Chicago, IL 60606 and authorized to do business in the State of New Jersey.

3.   At all times herein, defendant United Continental Holdings, Inc., was a carrier of passengers by air, with its principal office located at 233 South Wacker Drive, Chicago, IL 60606 and authorized to do business in the State of New Jersey.

4.   Venue is proper in this district in that defendants United Airlines Inc. and United Continental Holdings, Inc. have offices and transact business in the District of New Jersey, to wit, the defendants maintain a hub at Newark Liberty International Airport.

5.   At all times herein, defendant John Doe is a fictitious designation for a flight attendant on the flight crew of Flight UA1748 who is an employee, servant and/or agent of United Airlines, Inc., United Continental Holding, Inc. and/or ABC Corps. (1-10).

6.   At all times herein, defendant ABC Corporation (11-20) was a fictitious manufacturer, seller or distributor of a galley system, beverage maker or beverage heater used to heat water or beverages on said flight/aircraft referenced above.

7.   On or about July 27, 2019, plaintiff Melissa Schwartzman was a passenger on board an aircraft owned and/or operated by defendants United Airlines, Inc., United Continental Holdings, Inc. and/or ABC Corps. 1-10.

8.   At the aforesaid time and place, the aircraft on which plaintiff, Melissa Schwartzman, was a passenger, was traveling from Anchorage, Alaska to Newark, New Jersey.

9.   At the aforesaid time and place, plaintiff, Melissa Schwartzman was caused to sustain bodily injuries as a result of being scalded by a hot beverage served by a flight attendant, employee, servant and/or agent of the aforesaid named defendants.

## FIRST COUNT

10.  On or about July 27, 2019, plaintiff, Melissa Schwartzman, was a passenger on board an aircraft owned, leased, operated, staffed and/or otherwise controlled by defendants, United Airlines, Inc., United Continental Holdings, Inc. and/or ABC. Corps 1-10 traveling from Anchorage, Alaska to Newark, New Jersey on Flight UA1748.

11.  On said date, Defendants were responsible for the service, maintenance, inspection, and/or repair of the subject aircraft.

12.  On said date, Defendants were responsible for the training, management, supervision, and/or control of its flight crew aboard said flight, including adherence to standard safety policies and protocol.

13.  At the aforesaid time and place, plaintiff, Melissa Schwartzman, was caused to sustain bodily injuries as a result of being scalded by a hot beverage served by a flight attendant, employee, servant and/or agent of the aforesaid named defendants.

14.  At all times aforesaid, the defendants named herein were careless, reckless, negligent and/or grossly negligent in the

ownership, operation, maintenance, management, control, supervision, servicing, repair and/or inspection of their employees, crew and/or aircraft, and/or did negligently engage the services of an incompetent independent contractor, and/or did negligently hire or train certain employees, and as a direct and proximate result of the foregoing acts or omissions any or all proximately caused the plaintiff to be scalded by a hot beverage and thereby proximately caused the plaintiff to sustain severe, traumatic and permanent injuries.

15. As a direct and proximate result of the foregoing actions of defendants, United Airlines, Inc., United Continental Holdings, Inc., and/or ABC Corps. 1-10, plaintiff was caused to sustain severe, traumatic and permanent injuries.

16. As a direct and proximate result of the foregoing conduct by the aforesaid Defendants and/or their employees, servants and/or agents, plaintiff was severely and permanently injured, suffered, still suffers and will in the future suffer great pain and anguish, was, still is and will in the future be confined for periods of time, was, still is and will in the future be incapacitated from continuing her usual course of conduct and employment, was, still is and will in the future he obliged to undergo medical and other needed care for the relief of her aforesaid injuries and to incur large expenses for the same and was otherwise injured, damaged, scarred and restricted in her

4

bodily movements, conduct, activities and functions, past, present and future.

17.    Defendants United Airlines, Inc., United Continental Holdings, Inc. and/or ABC. Corps 1-10 are also responsible for the negligence of their employees, servants, contractors, and other representatives under the theory of respondeat superior.

WHEREFORE, the plaintiff demands judgment against the defendants for damages, compensatory and/or punitive, together with interest and costs of suit as set forth in the First Count.

<u>**SECOND COUNT**</u>

18.    Plaintiff repeats the allegations contained in the First Count and incorporates the same by reference as if repeated at length herein.

19.    JOHN DOE 1-10 are fictitious names and the parties intended being one or more persons whose identities are presently unknown but will be ascertained during the course of pre-trial discovery.

20.    JOHN DOE 1-10 was the fictitious names flight attendant, employee and/or agent on said flight who prepared and/or served plaintiff a scalding hot beverage.

21.    The conduct, actions or omissions of the defendant, JOHN DOES 1-10 to be determined during the course of pre-trial discovery, were substantial factors in causing the injuries sustained by the plaintiff and as more fully described hereinabove.

WHEREFORE, the plaintiff demands judgment against the defendants for damages together with interest and costs of suit as set forth in the Second Count.

### THIRD COUNT

22.  The plaintiff repeats the allegations contained in the First and Second Counts and incorporates the same by reference as if repeated at length herein.

23.  ABC CORPORATION 11-20 is a fictitious manufacturer, seller or distributor of a galley system, beverage maker or beverage heater used to heat water or beverages on said flight/aircraft whose identity is presently unknown but will be determined during the course of pre-trial discovery.

24.  The product named herein, was sold by defendant in a defective condition, unreasonably dangerous to users in that this product was unfit for use because, due to defective design or manufacture, the product failed.

25.  The defendant named herein failed to timely and adequately warn users of the product of the dangers and risks associated with the same.

26.  The defendant named herein is strictly liable to plaintiff for the harm, damages and injuries complained of herein by reason of having sold and placed into the stream of commerce a defective product which was unreasonably dangerous to users, and

by failing to warn of the risk and dangers associated with the use of said product.

27. The defendant named herein was careless, reckless, negligent and\or grossly negligent in the manufacture, design, assembly, maintenance, repair, servicing, installation and instruction of operation and\or inspection of said product, and/or did negligently engage the services of an incompetent independent contractor regarding same, and/or did negligently hire or train certain employees regarding same, and as a direct and proximate result of the defendant's negligence, plaintiff, was still is and will in the future be obliged to undergo medical and other needed care for the relief of her aforesaid injuries and to incur large expenses for the same and was otherwise injured, damaged, scarred and restricted in her bodily movements, conduct, activities and functions, past, present and future.

WHEREFORE, the plaintiff demands judgment against the defendants for damages, compensatory and/or punitive, together with interest and costs of suit as set forth in the First and Second Counts.

**JURY DEMAND**

Plaintiffs demand a trial by jury on all triable issues.

**DESIGNATION OF TRIAL COUNSEL**

Bruce H. Nagel, Esq. is hereby designated as trial counsel.


_s/ Andrew L. O'Connor_
ANDREW L. O'CONNOR
NAGEL RICE, LLP
103 Eisenhower Parkway
Roseland, New Jersey 07068
973-618-0400
aoconnor@nagelrice.com

Dated: July 1, 2020

8